UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMANUEL NISTRIAN,

    Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

CASE NO. C16-5374 BHS

ORDER GRANTING DEFENDANT'S MOTION TO BIFURCATE AND STAY

This matter comes before the Court on Defendant Geico General Insurance Company's ("Geico") motion to bifurcate and stay (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This case arises out of a motor vehicle collision that occurred on May 18, 2015. While driving his car, Plaintiff Emanuel Nistrian ("Nistrian") was struck from behind by a vehicle that fled the scene. Dkt. 1, Ex. 3 ("Comp.") ¶ 2.2. Nistrian sought underinsured motorist ("UIM") coverage under his Geico insurance policy, but was unable to reach an agreement with Geico regarding the valuation of his UIM claim. *Id.* ¶ 2.1.

ORDER - 1

On April 21, 2016, Nistrian filed a complaint against Geico in Pierce County Superior Court. *Id.* ¶ 2.1. Nistrian brings a claim for UIM benefits, as well as various bad faith claims related to Geico's handling of his UIM claim. *Id.* ¶¶ 3.1–7.3. Geico removed the suit to this Court on May 19, 2016. Dkt. 1.

On May 27, 2016, Geico moved to bifurcate and stay. Dkt. 11. On June 13, 2016, Nistrian responded. Dkt. 13. On June 15, 2016, Geico replied. Dkt. 14.

## II. DISCUSSION

Geico seeks to bifurcate Nistrian's UIM claim from his bad faith claims. Dkt. 11. Geico also seeks to stay discovery of Nistrian's bad faith claims until his UIM claim has been resolved. *Id.*

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Only one of these factors need be met to justify bifurcation. *MCI Commc'ns Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1166 (7th Cir. 1983). The decision to bifurcate depends on the facts and circumstances of each case, *see Idzojtic v. Pa. R.R. Co.*, 456 F.2d 1228 (3d Cir. 1972), and is within the discretion of the trial court, *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

With respect to this case, the Court finds that Nistrian's UIM and bad faith claims should be bifurcated. Geico has shown that it will be prejudiced if Nistrian's claims are not bifurcated. *See* Dkt. 11 at 5–10. For example, Geico has shown that disclosing evidence related to Nistrian's bad faith claims would prejudice its defense of his UIM

claim. *See Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686 (2013) (holding plaintiffs alleging bad faith in insurance disputes are entitled to discovery of confidential and sometimes privileged material). Geico also points out that the jury could be improperly influenced by claim handling evidence when assessing Nistrian's UIM claim at trial. Dkt. 11 at 7.

Nistrian does not address the issues of prejudice raised by Geico, and instead argues bifurcation would be inefficient.[1] *See generally* Dkt. 13. The Court, however, finds that bifurcation will not unduly inconvenience Nistrian and will reduce the risk of prejudice to Geico. For these reasons, the Court grants Geico's motion to bifurcate and stay Nistrian's bad faith claims.

## III. ORDER

Therefore, it is hereby **ORDERED** that Geico's motion to bifurcate and stay (Dkt. 11) is **GRANTED**.

Dated this 5th day of July, 2016.

BENJAMIN H. SETTLE
United States District Judge

---

[1] To support his argument, Nistrian relies on a case from this district in which bifurcation was denied. Dkt. 13 at 1 (citing *Krett v. Allstate Ins. Co.*, C13-0131RSL, 2013 WL 5406222 (W.D. Wash. Sept. 26, 2013)). As this Court has previously noted, "nationwide as well as locally, trial courts are split on the issue of bifurcating contractual insurance claims from extra-contractual claims." *Johnson v. State Farm Mut. Auto. Ins. Co.*, C15-5818BHS, Dkt. 16 at 2 (W.D. Wash. Feb. 10, 2016). Moreover, bifurcation depends on the facts and circumstances of each case. *See Idzojtic*, 456 F.2d at 1230.